[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage. The parties intermarried on February 18, 1989 at Clearwater, Florida. Both parties had previous marriages and there were no children issue of their marriage to each other. The parties lived within the State of Connecticut for at least one year next before the commencement of this action in February 1998. The jurisdictional requirements were testified to and there is jurisdiction in this matter.
The issues between the parties are those of alimony, division of assets CT Page 7952 and payment of debt. The plaintiff (husband) is 60 years of age and the defendant (wife) is 53 years of age.
The husband has a podiatry practice and is also an Amway distributor. At the time of the marriage the wife was self employed doing market surveys. She sold that business after the marriage (in Nahunt, Massachusetts) in order to reside in Connecticut with the husband. The sale of the business (to a relative) did not result in a profit and the wife's only substantial asset at the time of the marriage was her automobile.
The husband had an established podiatry practice, a commercial property in which his office was located, a residence, a one week time share in Newport, Rhode Island, a building lot in Florida and an interest in a land trust also in Florida. (He later transferred one-half interest in the residence and office building to the wife).
The marriage failed mainly because of the husband's insensitivity. The wife perceived him as cold and unfeeling, quick to anger, and condescending. In 1997 the wife warned him to change his behavior or she would leave, but he took the initiative in filing for a divorce.
While he claims she is overly sensitive he concedes that he caused her to cry on occasion, and that when he corrected her in public it was with good intentions. The evidence established a lack of compassion and caring on his part.
Connecticut General Statutes § 46b-81 and 46b-82 set forth the criteria to be considered in determining the assignment of property and alimony. They include the length of the marriage, the age, health, station, occupation amount and sources of income, vocational skills, employability, estate, liabilities and needs of the parties, the opportunity of each for future acquisition of assets and income, and the contribution of each in the acquisition, preservation or appreciation in value of their property. In awarding alimony the court shall take into account its orders for distribution of assets.
The court makes the following additional findings and enters orders as follows:
1. The marriage is irretrievably broken down and is ordered dissolved on those grounds.
2. Real Estate Distribution:
(a) The wife shall quit claim all of her right title and interest in CT Page 7953 the residence known as 54 Brookfield Street, Manchester to the husband who shall indemnify and hold the wife harmless from all mortgages, taxes, insurance, costs and expenses associated with said property.
 (b) The wife shall quit claim all of her right title and interest in the commercial building known as 117 East Center Street, Manchester, to the husband who shall indemnify and hold the wife harmless from all mortgages, taxes, insurance, costs and expenses associated with said property.
 (c) The husband shall retain his ownership interest in the Newport, Rhode Island timeshare. (He owns a 50% interest in the time share with another person which has a current total fair market value of approximately $6000).
 (d) The husband shall retain his ownership interest in the Florida building lot and the Florida land trust.
3. Podiatry Practice:
The husband shall retain his ownership of his podiatry practice.
4. Amway Distributorship:
 The husband shall retain his ownership interest in the Amway business and the wife shall execute any documents necessary to transfer her interest in the joint Amway distributorship to the husband including a letter of resignation from the Amway business, a letter removing her name from the Activa Mutual Fund (Amway), and a letter of agreement to reinstate bank draft privileges with Amway.
5. Medical Insurance:
 Each party shall maintain their own respective medical insurance post-judgment. The husband shall cooperate in executing any documents necessary for the wife to elect COBRA benefits (which she shall be responsible for paying).
6. Art Work:
 The parties acquired art work during the course of the marriage with a present value of $25,500. The husband shall retain ownership of the art work.
7. Life Insurance:
CT Page 7954
 The husband shall maintain the wife as irrevocable beneficiary on his current insurance policy in the face amount of $500,000 with First Penn Insurance for as long as he has an alimony obligation or other financial obligation to the wife pursuant to this judgment. Any other life insurance policies owned by either party shall continue to be owned by that party and paid for by the owner (without restriction as to the beneficiary).
8. Compensation for equity in real estate, podiatry practice and Amway business:
 The wife's proposed orders request a cash payment for her equity interest in the foregoing assets which total more than $260,000. This request is simply unrealistic. While the Court is mindful of the wife's contribution to the value of the marital estate during this ten year marriage, which include her efforts at maintaining the household, in assisting in marketing the podiatry practice — which was approximately one day a week for approximately one year — and assisting as well in promoting the Amway distributorship program, these assets were brought into the marriage by the husband and it was his education and experience which were largely responsible for the professional practice. Additionally, he was the lead in promoting the Amway program. (It is also equally unrealistic for the husband to propose, as he has, that the wife's contribution to enhancing these assets was without value).
 In consideration of the transfer of ownership of these assets to the husband and to compensate the wife for contribution in enhancing or maintaining their value and recognizing that the wife did not contribute to their original acquisition, the husband shall, within 90 days, pay the following sums to the wife:
 20% of the equity in the marital home — $ 6,000 10% of the value of the podiatry practice — 11,700 10% of the value of the commercial building — 13,750 Interest in the Amway business (5 years @ 2500) — 12,500 _________ Total: $43,950
9. Alimony:
 The husband shall pay periodic alimony of $125.00 per week for 260 weeks. The wife will presumably complete her flight attendant probationary period and continue in that employment. The Court deems this alimony order reasonable for her to establish independent living CT Page 7955 arrangements and to become self sustaining. Alimony shall terminate sooner upon the death or remarriage of the wife.
10. Motor Vehicle
 The parties shall have sole ownership of their respective motor vehicles and hold the other harmless from any claims thereto.
11. Debts:
 The parties shall be responsible for the debts shown on their respective financial affidavits with the following exceptions:
 The husband shall pay $5000 (one half) of the debt to Helene Andrian and $2500 (one half) of the debt to Eleni Santy. Those to be paid within 8 months. (These are joint debts arising out of the sale of the wife's marketing survey business in Massachusetts for which the husband agreed to share responsibility.
 The husband shall also be responsible for the payment of the Citibank AAdvantage debt listed on the wife's affidavit in the amount of $17,653.30. Any current debt over that amount on said credit card shall be the wife's responsibility.
12. Bank Accounts:
Each party shall retain their respective bank accounts.
13. Keys:
 The wife shall return all keys in her possession for real estate transferred to the husband.
14. Counsel Fees:
 The sum of $1720 being held in escrow by the wife's attorney shall be released to her attorney for counsel fees. In addition to said sum, the plaintiff shall pay $1500 to the wife's attorney also for counsel fees within 60 days.
15. Any other personal property not included in these orders shall remain in the possession of the party presently in possession. CT Page 7956
 ___________________, J. Klaczak